## POWELL *vs.* MAYO and others.

1. Quiet occupation, under claim of title, entitles a party in such occupation, to an issue at law to try the validity of an adverse claim, under the "Act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same;" it is *peaceable possession* within the meaning of the act.

2. That the adverse claimant is a tenant in common, does not qualify the possession or affect the right to an issue.

Motion for issue at law, on bill, answer, and proofs.

*Mr. W. J. Magie,* for the motion.

*Mr. H. Richards,* contra.

THE CHANCELLOR.

The question now raised before me is, whether the complainant has *peaceable possession,* in the meaning and for the purposes of the act under which this suit is brought.

That act, ("An act to compel the determination of claims to real estate, in certain cases, and to quiet the title to the same," *Pamph. L.,* 1870, *p.* 20,) provides that, when any person is in the peaceable possession of lands in this state,

claiming to own the same, and his title thereto, or to any part thereof, is denied or disputed, or any other person claims, or is claimed, to own the same or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit shall be pending to enforce or test the validity of such title, claim, or encumbrance, it shall be lawful for such person so in possession to bring and maintain a suit in chancery, to settle the title to said lands, and to clear up all doubts and disputes concerning the same.

The act provides that, upon application of either party, an issue at law shall be directed to try the validity of such adverse claim, or to settle the facts, or any specified portion of the facts upon which the same depends ; and when such issue is not requested, or as to the facts for which it is not asked, the court of chancery shall proceed to inquire into and determine such claims, interest, and estate, according to the course and practice of the court, and shall, upon the finding of such issue, or upon such inquiry and determination, finally settle and adjudge whether the defendant has any estate, interest, or right in, or encumbrance on, the lands, or any part thereof, and what such interest, estate, right, or encumbrance is, and in or upon what part of the lands it exists.

The motion for an issue at law is resisted, in this case, on the ground that the complainant is not entitled to the benefit of the statute, because he does not show that he has the peaceable possession which it requires.

It appears that the land, which lies in the city of Elizabeth, was conveyed to complainant in fee simple, by deed, with the usual full covenants, including warranty general, in 1864, by one Elias B. Watrous, who then claimed to own it in fee simple ; that the complainant claims to be the absolute sole owner of the property accordingly, and that the defendants, not denying that he is the owner of an interest in it, claim that they also are entitled to an interest therein, to wit, to seven hundred and ninety-eight four thousand four hundred and tenth parts thereof. They admit that no suit is pending to enforce or test the validity of their claim.

It is not denied, that if the complainant has had possession at all, it has been peaceable.

The complainant, since the conveyance to him, in 1864, has exercised dominion over the whole property, and has claimed sole and exclusive ownership of it. When he bought it, it was fenced in, and it continued to be so for four years, till a new street was opened through it by the city authorities. When he purchased it, he rented it to a tenant, who, ever since then, has been, as he still is, in possession of it, under the lease. He received, as owner, the award of damages, about $3000, for land taken from it, for opening the street above alluded to. The award was made to him as owner. The assessment, about $8000, for benefits to the property from the opening of the street, was made upon him as owner of the land, and he paid the difference, nearly $5000, between the award and the assessment. Various other assessments, for municipal improvements—for paving, curbing, guttering, sewering, and grading, have been laid upon the property, and assessed to him, since it was conveyed to him. He has paid, or become liable, by his personal obligation to the city, to pay to the city, for assessments on the property, including the assessment for the opening of the street, about $15,000. He has paid the taxes on the property every year since 1863, they having been assessed against him as owner, since the conveyance to him, in 1864.

When he bought the land, there was some wood standing on it. He sold part of it off in 1866, and the purchasers cut it down, and removed it. In 1870, he sold part of the property, but the purchaser was prevented from taking it, by hearing of the claim the defendants made to an interest in the land.

It appears that the complainant never heard of any adverse claim to the property, until about four years after the conveyance made to him by Watrous, and his entry into possession under his deed.

From these circumstances, I have no hesitation in adjudg-

ing that the complainant has peaceable possession, within the meaning of the statute.

The defendants, however, insist that the possession of the complainant, in this case, was their possession also, inasmuch as they claim to be tenants in common with him ; and that he cannot, therefore, be said to have the possession required by the statute.

But the act does not require that the complainant have title by possession, or the right to possession, or even adverse possession ; it requires possession merely, the only qualification being, that it shall be peaceable, as contradistinguished from disputed or contested possession, and that it shall be under claim of ownership.

Quiet occupation, under claim of title, gives the complainant standing in court, under the act.

In my judgment, the complainant in this case is entitled to the benefit of the statute.